IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

APPLETON PICKETT, JR.,

                     Plaintiff,

     v.

COLETTE S. PETERS, Director of Oregon
of Corrections, et al.,

                     Defendants.

Case No. 6:16-cv-00003-SB

**ORDER OF DISMISSAL**

**MICHAEL H. SIMON, District Judge**

Plaintiff, an inmate at Snake River Correctional Institution (SRCI), brings this civil rights action *pro se* challenging the conditions of his confinement. For the reasons set forth below, this Court dismisses Plaintiff's Second Amended Complaint (ECF No. 29), and denies his Motion for Appointment of Counsel (ECF No. 32).

## STANDARDS

This Court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous

1 - ORDER OF DISMISSAL

or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

In order to state a claim, a plaintiff must allege facts which, when accepted as true, give rise to a plausible inference that the defendants violated plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (internal quotations omitted). Plaintiff is proceeding *pro se*, and therefore this Court construes the pleadings liberally and affords Plaintiff the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## DISCUSSION

This Court previously dismissed Plaintiff's original and amended Complaints. The Court granted Plaintiff leave to amend Claims II, III, and VIII only. Order of Dismissal (ECF No. 18) at 14. In response to that Order, Plaintiff filed a Second Amended Complaint re-alleging those claims (using the same numerical designations), and a claim for the denial of adequate medical care (Claim IV).

## I.    Claim II: "Continuing Chain Conspiracy"

Claim II arises out of a knee injury that Plaintiff suffered in 2006, and then re-injured on May 22, 2015 when he slipped and fell in a puddle of water. *See* Second Am. Compl. at 20; Order of Dismissal (ECF No. 18) at 9-10; Order of Dismissal (ECF No. 11) at 7. Plaintiff alleges that the Oregon Department of Corrections (ODOC), Colette Peters, Jason Bell, Dr. Greg Lytle, and Dr.

Elliott Blakeslee[1] violated his rights under the Americans with Disabilities Act (42 U.S.C. § 12101 *et seq.*), the Rehabilitation Act (29 U.S.C. § 794 *et seq.*), and 42 U.S.C. § 1983. Second Am. Compl. at 19-20.[2]

## A.    ADA/Rehabilitation Act

This Court previously dismissed Plaintiff's claims under the ADA and the Rehabilitation Act, as follows:

> Plaintiff's allegation that he was denied adequate medical treatment for his knee does not state a claim for a violation of the ADA or the Rehabilitation Act because he does not allege that the denial of medical treatment was *because of or motivated by* a mental or physical handicap. *See Simmons*, 609 F.3d at 1022 ("ADA prohibits discrimination because of disability, not inadequate treatment for disability"); *Pickett v. Williams*, 498 Fed. Appx. 699, 701 (9th Cir. 2012) (affirming grant of summary judgment because Pickett failed to raise genuine dispute of fact as to whether he suffered disability-based discrimination); *Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1005 (9th Cir. 2007) (plaintiff must allege discrimination because of a disability to state claim under the Rehabilitation Act).

Order of Dismissal (ECF No. 18) at 10-11 (addressing Plaintiff's Claim IV(B)).

Plaintiff's Second Amended Complaint suffers from the same deficiencies. Plaintiff fails to allege any facts to support a claim under the ADA or Rehabilitation Act because he does not allege that Defendants denied him medical treatment because of a mental or physical handicap. *See Simmons v. Navajo Cty.*, 609 F.3d 1011, 1022 (9th Cir. 2010) ("The ADA prohibits discrimination because of disability, not inadequate treatment for disability."); *Montanez v. Velasco*, No. 15-16704,

---

[1] Plaintiff lists "Dr. Elliott" as a Defendant at page thirteen of the Second Amended Complaint. In the text of Claim II, in contrast, Plaintiff references "Dr. Elliott Blakeslee." *See* Second Am. Comp. at 20. The Court assumes that this is the same individual.

[2] Plaintiff also includes allegations against Dr. Phillips and Dr. Steven Shelton. Neither doctor is included as a Defendant in the caption of the Second Amended Complaint or in the listing of Defendants contained therein. Plaintiff's reference to those doctors in his claims for relief does not suffice to include them as Defendants in this action. *See* Fed. R. Civ. P. 10(a) (requiring plaintiff to list all parties in the caption of the complaint).

2016 WL 7423054, at *1 (9th Cir. Dec. 23, 2016) (noting that there is no significant difference in the analysis of rights and obligations created by the ADA and the Rehabilitation Act).

**B.     § 1983 Claims**

This Court originally dismissed Plaintiff's § 1983 claim because it was "premised solely on legal conclusions, and fails to allege facts giving rise to a reasonable inference that Defendants violated Plaintiff's statutory or constitutional rights." Order of Dismissal (ECF No. 11) at 5. Additionally, this Court noted that the claim is "time-barred with respect to conduct more than two years prior to the filing of the Complaint." *Id.* at 6.

In its second Order of Dismissal, the Court dismissed the claim on the basis that (1) the claim was not limited as far as practicable to a single set of circumstances; (2) conspiracy is not itself a constitutional violation and must be supported by an underlying constitutional violation; and (3) most of Plaintiff's allegations appear to be time barred. Order of Dismissal (ECF No. 18) at 6. Plaintiff was given leave to amend "to assert claims for the denial of adequate medical care . . . which accrued on or after December 21, 2013." *Id.* at 7.

Plaintiff re-alleges his § 1983 conspiracy claim in his Second Amended Complaint. For the reasons set forth below, this Court dismisses the claim because Plaintiff has failed to allege facts to support a reasonable inference that Defendants were deliberately indifferent to his serious medical needs.

1.     ODOC Director Peters

Plaintiff alleges that Director Peters "had personal knowledge of ongoing and post culpable convictional [sic] & civil violations of her subordinates, and [was] deliberately indifferen[t] for failure to prevent a recurrence of such misconduct, thus failing in her responsibilities to provide for the health & safety of Mr. Pickett's cries for help." Second Am. Compl. at 19. Plaintiff further

alleges that he wrote Peters on October 25, 2012 and May 26, 2015, and that "there was evidence

from her (predecessor) Director - Max Williams, from the first lawsuit, filed, on June 15, 2009." *Id.*

Plaintiff alleges no facts to support a reasonable inference that Peters acted in conscious

disregard to an excessive risk to Plaintiff's health or safety, or knew of the constitutional violations

of her subordinates and failed to act to prevent them. *See Crowley v. Bannister*, 734 F.3d 967, 977

(9th Cir. 2013) (supervisor may be liable if he is personally involved in the constitutional violation,

or there is a sufficient causal connection between his wrongful conduct and the violation); *Taylor

v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (supervisor is liable for constitutional violations of his

subordinates only if he participated in or directed the violations, or knew of the violations and failed

to prevent them). On the contrary, Plaintiff's allegations consist of legal conclusions and "a

formulaic recitation of the elements of a cause of action." *See Iqbal*, 556 U.S. at 678. Accordingly,

Claim II is dismissed as to Defendant Peters.

2.    Acting Superintendent Bell

Plaintiff alleges that on May 22, 2015, he slipped and fell after stepping in a puddle of water

caused by a leaky roof. Second Am. Compl. at 20. With no supporting facts, Plaintiff alleges that

Acting Superintendent Jason Bell was negligent and deliberately indifferent to Plaintiff's

constitutional right to be "free from unjustified intrusions." *Id.*

This Court previously dismissed Plaintiff's negligence claim on the basis that "the negligent

conduct of state officials does not give rise to a constitutional violation." Order of Dismissal (ECF

No. 11) at 7 (citing *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)). Moreover, Plaintiff alleges no

facts to support a reasonable inference that Bell was aware of the "leaky roof" and acted with

deliberate indifference to Plaintiff's safety in failing to repair it. Accordingly, Plaintiff fails to state

an Eighth Amendment claim. *See Farmer*, 511 U.S. at 834, 837 (Eighth Amendment claim for

failure to protect requires proof that defendant acted with deliberate indifference to excessive risk of harm).

### 3.    Drs. Lytle and Blakeslee

In Plaintiff's *First* Amended Complaint, Plaintiff alleged that Drs. Lytle and Blakeslee were part of a "continuing chain conspiracy." With respect to their specific conduct, Plaintiff alleged:

> Dr. Lytle, of (TRCI) committed fraud concerning [Plaintiff's] knee injury under FRCP 9(b) by alleging on his diagnosis negative study, on date of February 21st, 2006. . . . On August 03rd, 2010-Dr. Elliott, of (SRCI), committed a conspiracy by affirming Dr. Lytle-diagnosis of negative study, but their [sic] were [sic] something suspicious, because Dr. Elliott authorized Plaintiff a Bottom Bunk Bed on the Bottom tier on November 9th, 2011, because it were [sic] medically necessary. . . . On February 06th, 2014-Plaintiff discovered the fraud by Dr. Bristol x-ray diagnosis.

Am. Compl. (ECF No. 17) at 8-9.

In his Second Amended Complaint, Plaintiff omits the dates of Lytle and Blakeslee's diagnoses and simply alleges that Lytle "committed fraud" in rendering his diagnosis, and Dr. Blakeslee "affirmed" the diagnosis. Second Am. Compl. at 20. Plaintiff alleges that he discovered the fraud on February 6, 2014 (but omits the allegation that his discovery was premised on Dr. Bristol's 2014 diagnosis). *Id.*

Plaintiff fails to state an Eighth Amendment claim for the denial of adequate medical treatment because he alleges facts which, at best, support a reasonable inference that *he* disagrees with the diagnoses of Lytle and Blakeslee. *See Colwell v. Bannister*, 763 F.3d 1060, 1068 (9th Cir. 2014) (difference of opinion between a physician and a prisoner does not amount to deliberate indifference). Plaintiff's conclusory allegation that Lytle "committed fraud," does not cure this deficiency. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."). Even if the Court were to take into account Plaintiff's previous allegation that Dr. Bristol rendered a different diagnosis in 2014, a mere

6 - ORDER OF DISMISSAL

difference of medical opinion *between doctors* is insufficient to establish deliberate indifference. *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004). For all of these reasons, Plaintiff has failed to state a § 1983 claim against Lytle or Blakeslee.

        4.     ODOC

Plaintiff alleges that ODOC is responsible for the health and safety of its prisoners and is liable for the conduct of its employees. Second Am. Compl. at 20. It is well settled that a state agency is entitled to sovereign immunity from suit. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Accordingly, Plaintiff's Claim II is dismissed in its entirety for failure to state a claim.

## II.    Claim III: "Continuing Retaliation in Discrimination Violations"

In Claim III, Plaintiff alleges twenty different incidents which he links together as one claim for "continuing retaliation." Second Am. Compl. at 21-24. This Court previously dismissed the claim on the basis that it violated Fed. R. Civ. P. 8(a) and 10(b), and because Plaintiff failed to allege facts giving rise to a reasonable inference that "(1) Plaintiff engaged in constitutionally protected conduct; (2) Defendants took adverse action against him; (3) there is a causal connection between the adverse action and the protected conduct; (4) the Defendants' acts would chill or silence a person of ordinary firmness; and (5) Defendants' retaliatory action did not advance legitimate goals of the institution." Order of Dismissal (ECF No. 18) at 8 (citing *Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012). Plaintiff's current claim suffers from the same deficiencies. Accordingly, this Court dismisses Claim III for failure to state a claim.

## III.    Claim IV: "Deliberate Indifference to Serious Medical Need"

Plaintiff alleges that he was injured in a series of accidents on May 22, 2015; March 9, 2014; July 13, 2010; January 21, 2006; and June 8, 2005. Second Am. Compl. at 25-27. With regard to the

conduct of the Defendants, Plaintiff alleges that (1) on November 9, 2011, Dr. Blakeslee restricted Plaintiff to a bottom bunk on the lower tier "but concealed the fraud of his right knee;" (2) on September 12, 2010, Dr. Shelton was "a witness for the state [and] help[ed] conceal the fraud that Dr. Blakeslee and Dr. Lytle committed;" and (3) on January 21, 2006, Dr. Lytle "concealed" Plaintiff's true diagnosis of his knee injury and broken toes. *Id.* at 26-27.

The Court previously dismissed this claim, with prejudice, after giving Plaintiff an opportunity to amend. Order of Dismissal (ECF No. 18) at 9-10. This Court adheres to that decision. Additionally, the Court dismisses this claim for the reasons set forth above as to Claim II.

**IV.    Claim VIII: "Intentionally Interferences with Access to the Courts"**

Plaintiff alleges that Defendants interfered with his access to the courts from 2010 to 2016, in violation of his rights under the ADA, the Rehabilitation Act, and the First and Fourteenth Amendments to the U.S. Constitution. Second Am. Compl. at 28-34. Plaintiff alleges that Defendants (1) denied him extra time in the law library; (2) denied him evening access to the library; (3) made him work on a defective computer; (4) denied his request for thirty-six summonses and copies; and (5) made derogatory and threatening remarks. *Id.* at 29-34. Additionally, Plaintiff alleges that he was unable to print the last page of a Petition for Review to be filed in the Oregon Supreme Court, and a Motion for Relief from Habeas Judgment was deleted from his thumb drive. *Id.* at 29, 31. Finally, Plaintiff alleges that (1) on July 7, 2016, he received a response to his grievance concerning incompatible cell mates; (2) on June 16, 2015, he requested a printout of his appointment with Health Services so he could schedule his library time around his medical appointments; (3) on March 9, 2014, he fell in the kitchen; (4) on June 11, 2014, he was transported to the eye doctor for surgery; and (5) he was "threatened of being fire[d] for going to the legal library." *Id.* at 29-33.

This Court previously advised Plaintiff that in order to state a claim under the ADA and Rehabilitation Act, he must allege facts "giving rise to a reasonable inference that he has a disability, or is perceived as suffering from a disability, that substantially limits one or more major life activities, *and* that he was discriminated against because of the disability." Order of Dismissal (ECF No. 18) at 12 (citing *Simmons*, 609 F.3d at 1022; *Pickett*, 498 F. App'x at 701; *Walton*, 492 F.3d at 1005). Plaintiff has failed to do so.

This Court also advised Plaintiff that in order to state a claim for the denial of access to the courts, "he must allege facts giving rise to a reasonable inference that he suffered an actual injury to contemplated or existing litigation as a result of each Defendant's conduct." *Id.* at 12 (citing *Lewis v. Casey*, 518 U.S. 343, 351-53 (1996); *Nevada Dep't of Corr. v. Green*, 648 F.3d 1014, 1018 (9th Cir. 2011)). Plaintiff has failed to do so. Although Plaintiff references the progress and rulings in his state and federal cases, he does not allege how the Defendants' alleged conduct caused him to suffer an actual injury in those proceedings.

Plaintiff's allegation that on June 2, 2014, his Motion for Relief from Habeas Judgment was deleted from his thumb drive (Second Am. Compl. at 31) does not support a reasonable inference that he suffered actual injury to court access because he filed the motion on July 3, 2014. *See id.* Plaintiff fails to allege how this sequence of events caused an actual injury.

Plaintiff's allegation that he suffered actual injury with respect to a motion filed in *Pickett v. Williams*, Civ. No. 6:09-cv-00689-TC, *affirmed*, No. 11-35933, 498 F. App'x 699 (9th Cir. 2012), is incomprehensible:

> On April 17, 2013, Plaintiff tried to file a Motion to Set Aside Judgment in the United States District Court for the State of Oregon - case of Pickett v. Willaims, case no. #11-35933. The results: "Denied." Id. Plaintiff alleges that prison officials denied access to the courts by providing accommodations in the prison legal library,

9 - ORDER OF DISMISSAL

and plaintiff could not collateral attack, state prison defendants at the pleading &
appeals stages, caused plaintiff's actions to be dismissed.

Second Am. Compl. at 32.

Moreover, this Court takes judicial notice that Plaintiff filed his Motion to Set Aside the

Judgment on April 22, 2013. *Pickett*, No. 6:09-cv-00689-TC, Motion to Set Aside Judgment (ECF

No. 118). Hence, to the extent that Plaintiff is alleging that Defendants engaged in conduct on April

17, 2013, that interfered with his ability to file his Motion for Relief for Judgment, there are no facts

to support a reasonable inference that he suffered an actual injury to court access.

Plaintiff's allegation that on April 3, 2010, "he could not get the accommodations for more

time like he requested, and had to cut corners to get his filing done diligently" (Second Am. Compl.

at 32) pertains to conduct more than two years prior to the filing of Plaintiff's original Complaint and

therefore is time barred. *See Sain v. Bend*, 309 F.3d 1134, 1139 (9th Cir. 2002) (Oregon's two-year

limitations governs § 1983 civil rights action). In any event, the right of access to the courts does not

encompass the right "to litigate effectively once in court." *Lewis*, 518 U.S. at 354.

Finally, to the extent Plaintiff is alleging an equal protection claim, he fails to state a claim

because he alleges no *facts* to support a reasonable inference that Defendants intentionally, and

without a rational basis, treated him differently from others who were similarly situated; or

intentionally discriminated against him on the basis of his membership in a protected class. *See N.*

*Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008) (setting forth elements of "class

of one" equal protection claim); *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003) (setting

forth elements of equal protection claim based on membership in protected class). For all of these

reasons, Plaintiff has failed to state a claim.

///

## V.    **Remaining Defendants**

The Court dismisses the following Defendants because Plaintiff includes no allegations against them: Lieutenant D. Sherbondy, Correctional Officer Duncan, Correctional Officer Bunn, SAIF Corporation, Mr. Richr, Mr. Eastwood, Mr. Romyer, Ms. Chictin, Ms. Joyce, K. Macoby, and Correctional Officer Lawson.

## CONCLUSION

Based on the foregoing, this Court dismisses Plaintiff's Second Amended Complaint (ECF No. 29) for failure to state a claim. This Court concludes, based on a review of Plaintiff's Second Amended Complaint and because Plaintiff has been given two prior opportunities to amend, that the deficiencies in Plaintiff's Second Amended Complaint cannot be cured by amendment. Accordingly, the dismissal is with prejudice. This Court denies Plaintiff's renewed Motion for Appointment of Counsel (ECF No. 32).

IT IS SO ORDERED.

DATED this 13ᵗʰ day of March, 2017.

Michael H. Simon
United States District Judge